UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DISABILITY RIGHTS WASHINGTON,<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF CHUCK ATKINS, in his official capacity; CHIEF RIC BISHOP, in his official capacity; COMMANDER MIKE ANDERSON, in his official capacity, and CLARK COUNTY JAIL,<br><br>Defendants. | No. 16-5329<br><br>COMPLAINT |

COMES NOW Plaintiff Disability Rights Washington by and through its attorney, and as for its cause of action against Defendants Chuck Atkins, Ric Bishop, Mike Anderson, and the Clark County Jail, states and alleges as follows.

## I.  PRELIMINARY STATEMENT

1. This civil rights action seeks injunctive and declaratory relief to enjoin Sheriff Chuck Atkins, Chief Ric Bishop, Commander Mike Anderson, and Clark County Jail from obstructing Disability Rights Washington's full, complete, and meaningful access to all records necessary to investigate deaths in the jail over the last year. Disability Rights Washington, the federally designated protection and advocacy system for people with disabilities in Washington State, requested records pursuant to the federal Protection and Advocacy Acts, including the

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

Developmental Disabilities Assistance and Bill of Rights (DD) Act of 1975, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights (PAIR) Act 29 U.S.C. § 794e, *et seq.*, and the regulations promulgated pursuant to these statutes. Disability Rights Washington made this request in order to investigate numerous death that have occurred at Clark County Jail which is operated under the direction of Sheriff Atkins and the other defendants.

2. Under federal law, Disability Rights Washington is entitled to any records necessary to complete a full investigation, including video recordings. When an investigation involves a death, responses must be provided immediately, no later than 24 hours from the time of the request.

3. In response to Disability Rights Washington's record request, the jail has provided written records, but refuses to provide responsive video records unless Disability Rights Washington agrees not to share the videos with anyone. The federal law that gives protection and advocacy systems like Disability Rights Washington access to these records does not contain any requirement that Disability Rights Washington agree to never share records with anyone. In fact, the federal mandates expect that Disability Rights Washington will use the information it receives to educate and advocate.

4. Defendants' continued resistance to the independent scrutiny of the protection and advocacy system though its refusal to provide the requested video is an unnecessary, unreasonable, and unlawful restriction on Disability Rights Washington's ability to effectively protect the rights of people with disabilities.

COMPLAINT - 2

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 ・ Fax: (206) 957-0729

## II.   JURISDICTION AND VENUE

5. This action arises under the laws of the United States. Plaintiff Disability Rights Washington seeks declaratory and injunctive relief pursuant to, the DD Act, 42 U.S.C. § 15041, the PAIMI Act, 42 U.S.C. § 10801, and the PAIR Act, 29 U.S.C. § 794e, to redress the interference, by Defendants, in Disability Rights Washington's ability to carry out the function of the protection and advocacy system for Washington State by denying Disability Rights Washington access to records that are necessary to conduct a full and meaningful investigation in to potential abuse and neglect.

6. Jurisdiction in this matter is asserted pursuant to 28 U.S.C. §§ 1331, 2201 for causes of action arising under the Constitution and federal statutory and common laws of the United States.

7. The rights which Plaintiff seeks to enforce are guaranteed by the federal government through the mandates set forth in the DD Act, 42 U.S.C. §15041, the PAIMI Act, 42 U.S.C. § 10801, and the PAIR Act, 29 U.S.C. § 794e.  These Acts establish a mandate for Disability Rights Washington to protect and advocate for individuals with developmental, mental, sensory, and physical disabilities who have been abused, neglected, or had their rights otherwise violated.

8. This Honorable Court also has authority pursuant to 28 U.S.C. §§ 2201 and 2202 to enter declaratory judgments declaring the rights and other legal relations of parties to the action.

9. An award of monetary damages is inadequate as plaintiff suffers and will continue to suffer irreparable harm from defendants' actions, inactions, policies, and procedures and the violations complained herein.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 • Fax: (206) 957-0729

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) as all parties reside in the State of Washington and Plaintiff's claim for relief arises within this state. Defendants performed the acts and omissions complained of herein in the State of Washington in this district. This District provides the most convenient forum for the litigation of these issues.

### III.    PARTIES

**Plaintiff**

### Disability Rights Washington

11. Plaintiff Disability Rights Washington, a nonprofit corporation duly organized under the laws of the State of Washington, is the statewide protection and advocacy system designated by the Governor of the State of Washington to protect and advocate for the legal and civil rights of those citizens of this state who have disabilities, pursuant to the DD Act, 42 U.S.C. § 15041, *et seq.*, the PAIMI Act, 42 U.S.C. § 10801, *et seq.*, and the PAIR Act, 29 U.S.C. § 794e. R.C.W. 71A.10.080 (2). DRW maintains offices in Seattle and Spokane at 315 5th Avenue South, Suite 850, Seattle, WA 98104, and 10 N. Post Street, Spokane, WA 99201.

12. As the duly designated statewide protection and advocacy system for individuals with disabilities in the State of Washington, Disability Rights Washington has the authority and responsibility to pursue legal, administrative, and such other appropriate remedies or relief as may be necessary to protect and advocate for the rights of those persons within the State of Washington who are, or who may be eligible for treatment, services, or habilitation due to their physical and/or mental disabilities pursuant to the DD Act, 42 U.S.C. § 15043, the PAIMI Act, 42 U.S.C. § 108051, and the PAIR Act, 29 U.S.C. § 794e (f).

13. In its capacity as the designated protection and advocacy system for the State of Washington, Disability Rights Washington is entitled to access all persons with disabilities,

COMPLAINT - 4

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

individually or as a group, receiving services in the State of Washington and otherwise confidential records of individuals as well an any other records necessary to conduct a full investigation in order to adequately and meaningfully protect their rights pursuant to federal and state statutes in regard thereto. 42 C.F.R. § 51.2

14. DRW has and will continue to suffer irreparable harm as a result of Defendants' actions or inactions absent preliminary and permanent relief.

**Defendants**

    **A.    Sheriff Chuck Atkins, in his official capacity**

15. Sherriff Chuck Atkins is sued in his official capacity as the elected Sherriff of Clark County. Defendant Atkins's administrative office is located in Vancouver, Washington.

16. Defendant Atkins, in his official capacity, has at all times relevant herein acted under color of state law and has exercised general responsibility, supervision, and oversight of the policies, practices, and operations of the Office of the Sherriff of Clark County, of which the corrections division and jail are a part. Defendant Atkins's responsibilities include overseeing all staff, including those responsible for disclosure of information maintained by or otherwise available to the jail.

    **B.    Chief Ric Bishop, in his official capacity**

17. Chief Ric Bishop is sued in his official capacity as the chief of the corrections division of Clark County Sherriff's office. Defendant Bishop's administrative office is located in Vancouver, Washington.

18. Defendant Bishop, in his official capacity, has at all times relevant herein acted under color of state law and has exercised general responsibility, supervision, and oversight of the policies, practices, and operations of the corrections division, of which the jail is a part.

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

Defendant Bishop's responsibilities include overseeing staff responsible for disclosure of information maintained by or otherwise available to the jail.

### C.  Commander Mike Anderson, in his official capacity

19. Commander Mike Anderson is sued in his official capacity as the commander of the Clark County Jail. Defendant Anderson's administrative office is located in Vancouver, Washington.

20. Defendant Anderson, in his official capacity, has at all times relevant herein acted under color of state law and has exercised general responsibility, supervision, and oversight of the policies, practices, and operations of the corrections division, of which the jail is a part. Defendant Anderson's responsibilities include overseeing staff responsible for disclosure of information maintained by or otherwise available to the jail.

### D.  Clark County Jail

21. Defendant Clark County Jail is a county operated correctional facility housing people charged with crimes or serving relatively short sentences, which includes numerous people with disabilities, many of whom require specialized services or housing to be safe. As a jail, its staff, facilities, and infrastructure are used to create and maintain records on the services and people it serves and the actions of staff.

### IV.  FACTUAL ALLEGATIONS

22. At all times relevant herein, Disability Rights Washington has been, and is, designated by the Governor of the State of Washington as the protection and advocacy system for those citizens of this state who have mental, developmental, and physical disabilities.

23. Disability Rights Washington, like each of the protection and advocacy agencies currently operating in the other forty-nine states, the federal protectorates (American Samoa, the

COMPLAINT - 6

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

Commonwealth of the North Mariana Islands, Guam, Puerto Rico, and the United States Virgin Islands), and the District of Columbia, operates under the mandates of the DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq.*

24. As a result of the extensive congressional hearings preceding each of the aforesaid statutory enactments, Congress found that there had been an extensive history of unlawful discriminatory segregation, extraordinary maltreatment, financial exploitation, neglect, and physical abuse of individuals with disabilities throughout the United States.

25. The federal laws that established the protection and advocacy systems were created in direct response to the need for independent advocacy services for individuals with disabilities who were not getting adequate services from state operated programs. *See e.g.*, 42 U.S.C. § 10501 (11)-(12).

26. The Protection and Advocacy Acts (P&A Acts) require that each state, in exchange for receipt of certain federal financial assistance, "effect a system to protect and advocate for the rights of persons" with disabilities and further specify that these systems must have the authority to investigate and pursue legal and other appropriate remedies for those persons. The DD Act, 42 U.S.C. § 15041 *et seq.*, the PAIMI Act, 42 U.S.C. § 10801 *et seq.*, and the PAIR Act, 29 U.S.C. § 794e *et seq.*

27. The Washington State legislature provided for such a system with the enactment of R.C.W. 71A.10.080. Specifically, under the provisions of R.C.W. 71A.10.080 (1), the designated protection and advocacy agency "shall have the authority to pursue legal, administrative, and other appropriate remedies to protect the rights of the developmentally disabled, and to investigate allegations of abuse and neglect."

COMPLAINT - 7

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ᛫ Fax: (206) 957-0729

28. Disability Rights Washington, in accordance with its congressional mandates, duties, and responsibilities as the designated protection and advocacy agency for Washington, employs attorneys and advocates to provide protection and advocacy services to people in Washington who have mental, developmental, physical, and sensory disabilities.

29. Disability Rights Washington's mandate to provide investigative and advocacy services to individuals with disabilities extends to individuals residing in both private and publicly-funded facilities.

30. Defendants administer Clark County's jail.

31. Jails are explicitly mentioned in a non-exclusive list of setting that are considered a facility which "may include, but need not be limited to, hospitals, nursing homes, community facilities for individuals with mental illness, board and care homes, homeless shelters, and jails and prisons." 42 U.S.C.A. § 10802.

32. Disability Rights Washington has authority to initiate an investigation when it has probable cause to suspect people with disabilities are being abused or neglected.

33. Disability Rights Washington's determinations of probable cause are controlled by federal law which states:

> (g) Determination of "probable cause" may result from P&A system monitoring or other activities, including observation by P&A system personnel, and reviews of monitoring and other reports prepared by others whether pertaining to individuals with mental illness or to general conditions affecting their health or safety.

42 C.F.R. § 51.31.

34. Here, Disability Rights Washington has relied upon its understanding of the terms abuse and neglect as defined by the Protection and Advocacy Acts as well as its extensive

COMPLAINT - 8

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

knowledge and experience with jail service delivery systems generally and its visits and review of records from Clark County Jail to determine it has probable cause.

35. The federal laws that control Disability Rights Washington's investigations define abuse as:

> any act or failure to act by an employee of a facility rendering care or treatment which was performed, or which was failed to be performed, knowingly, recklessly, or intentionally, and which caused, or may have caused, injury or death to a [sic] individual with mental illness, and includes acts such as—
> **(A)** the rape or sexual assault of a [sic] individual with mental illness;
> **(B)** the striking of a [sic] individual with mental illness;
> **(C)** the use of excessive force when placing a [sic] individual with mental illness in bodily restraints; and
> **(D)** the use of bodily or chemical restraints on a [sic] individual with mental illness which is not in compliance with Federal and State laws and regulations.

42 U.S.C.A. § 10802.

36. Neglect is defined as:

> a negligent act or omission by any individual responsible for providing services in a facility rendering care or treatment which caused or may have caused injury or death to a[1] individual with mental illness or which placed a[1] individual with mental illness at risk of injury or death, and includes an act or omission such as the failure to establish or carry out an appropriate individual program plan or treatment plan for a[1] individual with mental illness, the failure to provide adequate nutrition, clothing, or health care to a [sic] individual with mental illness, or the failure to provide a safe environment for a [sic] individual with mental illness, including the failure to maintain adequate numbers of appropriately trained staff.

42 U.S.C.A. § 10802.

37. Public reports from multiple media sources indicate there have been multiple deaths in the Clark County Jail.

38. On March 22, 2015, Mycheal Lynch, a 32 year old Vancouver resident, died from a homicide in Clark County Jail after a restraint incident.

http://www.columbian.com/news/2015/apr/16/clark-county-jail-inmate-death-homicide-lynch/

COMPLAINT - 9

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

39. On March 30, 2015, Douglas E. Mayhugh, a 35 year old Longview resident, died from suicide in the Clark County Jail of asphyxia due to hanging.

http://www.seattletimes.com/seattle-news/inmates-death-in-clark-county-jail-is-ruled-a-suicide-by-hanging/

40. On February 27, 2016, Daniel J. Fisher, a 33 year old Vancouver resident, died from suicide in the Clark County Jail of asphyxia due to hanging.

http://www.oregonlive.com/pacific-northwest-news/index.ssf/2016/04/clark_county_jail_reports_seco.html

41. In light of these deaths of inmates who may have needed additional services to avoid homicide and suicide in the Clark County Jail, and in conjunction with previous records it had received from Defendants regarding suicides in previous years and jail policies, and an on-site visit to the facility on March 7, 2016 in which Disability Rights Washington attorneys and staff interviewed jail staff and inmates, and took video and photographic recordings of various jail settings, Disability Rights Washington determined it had probable cause to suspect possible abuse and neglect of individuals with disabilities affected by Defendants services or lack thereof.

42. On April 13, Disability Rights Washington sent a request for:

1. List of inmate deaths from 3/31/2015 to present, names of said inmates, and the determined causes of death;

2. Jail records, inmate health records, and any other investigative records of the inmate who died after restraint in March of 2015;

3. Jail records, inmate health records, and any other investigative records of the inmate who died from suicide on 3/30/2015;

4. Jail records, inmate health records, and any other investigative records of the inmate who died from suicide on 2/27/2016;

5. Jail records, inmate health records, and any other investigative records of additional inmates, if any, who died from suicide between 3/30/2015 and present;

COMPLAINT - 10

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington   98104
(206) 324-1521 • Fax: (206) 957-0729

    6. The names and contact information of the individuals who have attempted to commit suicide, and, if applicable, the legal guardian of each individual who attempted to commit suicide while being detained at Clark County Jail from 1/1/2015 to present; and

    7. Any updated jail policies or procedures regarding suicide precautions, assessment, and screening since March of 2015.

43. That request informed Defendants that the definition of records included "written or in another medium, draft or final, including handwritten notes, electronic files, *photographs or video* or audio tape records…." 42 C.F.R. § 51.41(c) (emphasis added).

44. The request also informed Defendants that federal statute provides 24 hours to respond.

45. Defendants have provided written records, but refuse to provide video records unless Disability Rights Washington agrees to not show anyone else the videos.

46. It is now three weeks since that request was made, and subsequent to that request another death occurred in Clark County jail.

47. On April 22, 2016, Dustin M. Graves, a 23 year old Battle Ground resident, died from suicide in the Clark County Jail of asphyxia due to hanging. http://www.columbian.com/news/2016/apr/25/clark-county-jail-suicide-victim-idd-as-battle-ground-man/

48. This delay highlights the urgency of timely production of records as Defendants continue to operate a correctional facility and serve countless people with disabilities every day.

49. Disability Rights Washington attempted to resolve this issue without resorting to litigation over several phone and email exchanges with Defendants' counsel. *See e.g.* Letter from David Carlson, Director of Legal Advocacy, Disability Rights Washington, to Jane Vetto,

COMPLAINT - 11

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ・ Fax: (206) 957-0729

Senior Deputy Prosecuting Attorney, Civil Division Clark County Prosecutor's Office (May 3, 2016) a true and correct copy of which is attached as Exhibit 1.

50. As a result of Defendants' refusal to follow federal law, DRW has been denied access to conduct a full and meaningful investigation and has been unable to fulfill its federal mandate to investigate possible abuse and neglect of individuals with disabilities.

51. Defendants not only refuse to provide the video without restrictions on how Disability Rights Washington may use it, Defendants also refuse to provide their actual reason for denial or delay as required by federal law. 42 CFR § 51.43. Instead their written response is: "The Jail videos are different from other records and unrestricted release of those records exposes guards and inmates to unacceptable risks." *See* Email string terminating in email from Stacie Siebrecht, Associate Director of Legal Advocacy, Disability Rights Washington, to Chris Horne, Chief Civil Deputy Prosecuting Attorney, Civil Division Clark County Prosecutor's Office (May 3, 2016) a true and correct copy of which is attached as Exhibit 2. There is no factual support for Defendants' conclusion and most importantly, no legal support for violating federal law.

52. Defendants have been made aware of Disability Rights Washington's federal authority to obtain relevant videos, when Disability Rights Washington is investigating abuse and neglect.

53. Defendants' refusal to provide the videos frustrate the federally mandated functions and duties of the protection and advocacy system. As described in the foregoing paragraphs, Plaintiff attempted, on multiple occasions, to resolve its access issue with the Defendants. These attempts have proven unsuccessful.

COMPLAINT - 12

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
(206) 324-1521 ･ Fax: (206) 957-0729

54. Plaintiff has suffered and continues to suffer direct and irreparable injury to its statutory interests in investigating abuse and neglect.

55. Plaintiff has standing to bring this action on its own behalf, because the refusal of access by Defendants constitutes an injury in fact to Plaintiff's legally-protected interests. This injury is concrete, particularized, actual, and imminent. There is a causal relationship between the injury and Defendants' challenged conduct, and a favorable decision by this Court will address the injury.

56. Plaintiff has no adequate remedy at law.

## V. CLAIMS

57. Violation of DRW's Rights under 42 U.S.C. § 1983; 42 U.S.C. § 10541, *et seq.*, 42 U.S.C. § 10801 *et seq.*, and 29 U.S.C. § 794e.

## VI. PRAYER FOR RELIEF

58. Wherefore, plaintiff Disability Rights Washington respectfully prays to the Honorable Court for the following relief:

   A. For an Order assuming Jurisdiction over this case;

   B. For an order declaring that Defendants' actions and inactions, as described herein, violate Plaintiff's rights under the Developmental Disabilities Assistance and Bill of Rights (DD) Act of 1975, 42 U.S.C. § 15041, *et seq.*, the Protection and Advocacy for Individuals With Mental Illness (PAIMI) Act, 42 U.S.C. § 10801, *et seq.*, and the Protection and Advocacy for Individual Rights (PAIR) Act 29 U.S.C. § 794e, *et seq.*, and the regulations promulgated pursuant to these statutes;

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729

C.	For an Order directing Defendant to immediately provide plaintiff Disability Rights Washington with all video records responsive to its April 13, 2016 request;

D.	For an Order directing Defendant to adhere to the P&A Acts in responding to Disability Rights Washington's access requests;

E.	For an Order directing Defendant to pay Plaintiff's reasonable attorney fees and costs associated with enforcing Plaintiff's rights in this action; and

F.	For an Order granting Plaintiff such other and further relief as this Court deems just and proper.

Dated this 4th day of May, 2016.

Respectfully Submitted,

DISABILITY RIGHTS WASHINGTON

By:	*/s/David R. Carlson*
David R. Carlson, WSBA # 35767
Attorney for Plaintiff

COMPLAINT - 14

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington  98104
(206) 324-1521 ・ Fax: (206) 957-0729